Chris R. Schmidt (SBN 298761)
chris.schmidt@eriseip.com
Erise IP, P.A.
7015 College Blvd., Suite 700
Overland Park, KS 66211
Phone: (913) 777-5600
Facsimile: (913) 777-5601

*Attorney for Applicant*
*ASUS Japan Inc.*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

*In Re Ex Parte* Application of ASUS Japan Inc.

*Applicant*,

For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery from Qualcomm Incorporated for use in Foreign Proceedings.

Case No.: **22MC1357**

**APPLICATION OF ASUS JAPAN INC. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FROM QUALCOMM INCORPORATED FOR USE IN FOREIGN PROCEEDINGS**

## TABLE OF CONTENTS

**I. INTRODUCTION ..... 5**

**II. FACTUAL BACKGROUND ..... 5**

**III. EX PARTE CONSIDERATION OF § 1782 APPLICATION ..... 6**

**IV. LEGAL STANDARD ..... 6**

**V. ARGUMENT ..... 8**

**A. ASUS Satisfies the Statutory Requirments of Section 1782 ..... 8**

1. Qualcomm "Resides or is Found" in This District ..... 9
2. The Civil Action in Japan is Within Reasonable Contemplation ..... 9
3. ASUS as a Defendant in the Japanese Proceeding is an Interested Person ..... 10

**B. The Supreme Court's Intel Factors Strong Favor Granting the Application ..... 10**

1. Qualcomm is Not a Participant in the Japanese Action ..... 11
2. Japanese Courts Will Be Receptive to the Discovery Obtained Through this Application ..... 11
3. ASUS is Not Circumventing Any Foreign Proof-Gathering Restrictions ..... 13
4. ASUS's Discovery Requests are Narrowly Tailored to Avoid Undue Burden ..... 13

**VI. CONCLUSION ..... 14**

# TABLE OF AUTHORITIES

**Cases**

*Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, 2020 WL820327 (N.D. Cal. Feb. 19, 2020) .......... 10

*In re Application of Joint Stock Co. Raiffeisenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224 (N.D. Cal. Nov. 2, 2016) .......... 12

*In re Eurasian Natural Resources Corp.*, No. 18-mc-80041-LB, 2018 WL 1557167 (N.D. Cal. Mar. 30, 2018) .......... 13

*In re Ex Parte Appl. Of Haruki Hattori*, 2021 WL 4804375 (N.D. Cal. Oct. 14, 2021) .......... 10

*In re Ex Parte Apple Inc.*, 2015 WL 5838606 .......... 9, 10

*In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029 (N.D. Cal. 2016) .......... 14

*In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) .......... 6, 11, 12, 14

*In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994 (N.D. Cal. Dec. 15, 2014) .......... 13

*In re Koninklijke Philips N.V.*, No. 17-MC-1681-WVG, 2018 WL 620414 (S.D. Cal. Jan. 30, 2018) .......... 8, 9, 12

*In re Med. Corp. H&S*, 2019 WL 1230440 .......... 12

*In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021) .......... 10, 12

*In re Med. Inc. Ass'n Smile Create*, No. 19-mc-80230-VKD, 2019 WL 4933582 (N.D. Cal. Oct. 7, 2019) .......... 7

*In re Mireskandari*, No. 12- CV-2865-IEG (DHB), 2012 WL 12877390 (S.D. Cal. Dec. 20, 2012) .......... 14

*In re NanoPyxis Co., Ltd.*, 2018 WL 1156838 (N.D. Cal. Mar. 5, 2018) .......... 14

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557 (9th Cir. 2011) .......... 7

*In re Tagami*, No. 21-MC-80153-JCS, 2021 WL 5322711 (N.D. Cal. Nov. 16, 2021) .......... 13

*In re Yasuda*, 2019 WL 4933581 (N.D. Cal. Oct. 7, 2019) .......... 9

*Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241 (2004) .......... passim

*IPCom GmbH & Co, KG v. Apple, Inc.*, 61 F. Supp. 3d 919 (N.D. Cal. 2014)................................ 6

*Khrapunov v. Prosyankin*, 931 F.3d 922 (9th Cir. 2019)......................................................... 7, 8, 9

*Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907 (N.D. Cal. 2019) ............................. 7, 12

*Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79 (2d Cir. 2004)..................................... 7

ASUS Japan Inc. (the "**Applicant**" or "ASUS") hereby makes this *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Obtain Discovery from Qualcomm Incorporated for Use in a Foreign Proceeding (this "**Application**"). This Application seeks limited discovery from Qualcomm Incorporated ("**Qualcomm**") and is supported by the supporting memorandum below and the Declarations of Chris Schmidt and Makoto Hattori filed concurrently herewith. The proposed subpoena to be served on Qualcomm is attached to the declaration of Chris Schmidt as Exhibit 7.

## I. INTRODUCTION

ASUS seeks leave to obtain the exactly the type of relevant and proportionate discovery contemplated by 17 U.S.C. § 1782. Through this Application, ASUS seeks limited discovery from Qualcomm relating to how its chips operate, which directly relates to the infringement allegations against ASUS in the civil proceeding in Japan. As described below, ASUS's Application satisfies the three statutory factors of section 1782, and each of the four discretionary factors outlined by the Supreme Court in *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241 (2004) weigh in favor of granting the requested discovery. Accordingly, ASUS respectfully requests that the Court grant its Application.

## II. FACTUAL BACKGROUND

Plaintiff Pantech Corporation ("Pantech") filed a patent infringement suit against defendant ASUS in the Tokyo District Court on July 22, 2022. The Tokyo District Court is located at 1 Chome-1-4 Kasumigaseki, Chiyoda City, Tokyo 100-8920, Japan. In that proceeding Pantech is asserting Japanese Patent Nos. JP 4982653 and JP 5694479 against ASUS and alleges that certain ASUS mobile devices infringe the asserted patents because they contain chipsets that adhere to the LTE mobile communications standard. Each of the accused products rely on chipsets supplied by Qualcomm that are incorporated into the accused products, and the product

specifications and source code detailing the operation of these chipsets is exclusively with the possession, custody, and control of Qualcomm.

## III. EX PARTE CONSIDERATION OF § 1782 APPLICATION

Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis, because "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co, KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014). For this reason, orders granting § 1782 applications typically provide only that discovery is "authorized," which allows an opposing party to raise objections and exercise its due process rights by challenging the discovery via a motion to quash, mitigating any concerns regarding the unfairness of granting the application on an *ex parte* basis. *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016); *see also IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (same).

Therefore, this Court can properly consider this Application on an *ex parte* basis because adequate notice will be given to the interested party, in this case, Qualcomm Incorporated.

## IV. LEGAL STANDARD

Under Title 28 section 1782 of the United States Code, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C.A. § 1782(a) (West 2021). Section 1782 is "the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel*, 542 U.S. at 247. Since 1855, when Congress first provided federal court aid to foreign

tribunals, it has "substantially broadened the scope of assistance federal courts could provide for foreign proceedings" by codifying and amending section 1782. *Id.* at 247-48. The purpose of section 1782 is to "provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." *Id.* at 247. The party seeking discovery is not required to establish that the information it seeks would be discoverable under the foreign court's law or that the United States would permit the discovery at issue in an analogous domestic proceeding. *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912 (N.D. Cal. 2019) (*citing Intel*, 542 U.S. at 247, 261–63).

District courts can authorize discovery under section 1782(a) where "(1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)). When these statutory requirements are satisfied, a district court may still exercise its discretion to deny the requested discovery. *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011); *see also Intel*, 542 U.S. at 264 ("A district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so.").

"A district court's discretion is guided by the twin aims of § 1782: providing efficient assistance to the participants in international litigation and encouraging foreign countries by example to provide similar assistance to U.S. courts." *In re Med. Inc. Ass'n Smile Create*, No. 19-mc-80230-VKD, 2019 WL 4933582, at *2 (N.D. Cal. Oct. 7, 2019) (*citing Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004)).

In exercising its discretion whether to grant an application for such discovery, a district court considers the following factors (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court" to U.S. federal-court assistance; (3) "whether the 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies"; and (4) whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264–65; *see also In re Koninklijke Philips N.V.*, No. 17-MC-1681-WVG, 2018 WL 620414, at *1 (S.D. Cal. Jan. 30, 2018).

The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist [in the United States]." *Id.* at 244.

A district court may order the production of documents or testimony for use in a foreign legal proceeding under § 1782 as long as the disclosure would not violate a legal privilege. *Id.* at 249.

## V. <u>ARGUMENT</u>

### A. ASUS Satisfies the Statutory Requirements of Section 1782

ASUS meets all three requirements of § 1782, and the Court is therefore authorized to grant this Application. Qualcomm "resides or is found" in this District, the discovery sought is for use in a foreign proceeding, and ASUS is an "interested person" in the Japanese action. *See Khrapunov*, 931 F.3d at 925 (reciting the three factors).

1. Qualcomm "Resides or is Found" in This District

The first requirement is met, Qualcomm "resides or is found" in this District. *See id.* (reciting first factor). Although section 1782 does not define the district in which a corporation "resides or is found," courts have uniformly held that the first statutory factor is met when the application is filed in the district where the target of discovery maintains its principal place of business. *See, e.g.*, *In re Koninklijke Philips N.V.*, 2018 WL 620414, at *1 (S.D. Cal. Jan. 30, 2018) ("Applicant satisfies the statutory requirements imposed by Section 1782. Qualcomm maintains its principal place of business in San Diego, California, which is located within the Southern District of California."); *In re Yasuda*, 2019 WL 4933581, at *3 (N.D. Cal. Oct. 7, 2019) (finding that entity "resides or is found" in the Northern District, where it maintained its principal place of business). Because Qualcomm's principal place of business is at 5775 Morehouse Drive in San Diego, California, it "resides or is found" in the Southern District of California, and ASUS's Application meets the first statutory requirement. Decl. of Chris Schmidt at ¶¶ 6-8. *see also In re Ex Parte Apple Inc.*, 2015 WL 5838606, at *2 (finding that "Qualcomm is found in th[is] district," because its principal place of business is in San Diego, California).

2. The Civil Action in Japan is an Ongoing Proceeding

To meet the second requirement, the discovery sought by ASUS is "for use in a proceeding in a foreign or international tribunal." *See Khrapunov*, 931 F.3d at 925 (reciting second factor). A section 1782 request satisfies this factor when the applicant seeks discovery for use at some stage of an ongoing foreign proceeding before a "conventional court" or "administrative [or] quasi-judicial" body. *Intel*, 542 U.S. at 249, 259. Thus, the second requirement is met, because the discovery sought is for purposes of a civil lawsuit pending in Japan. Decl. of Makoto Hatorri at ¶ 7. The requested documents are relevant to the pending lawsuit in Japan involving Applicant.

*Id.*; *see In re Med. Corp. Seishinkai*, 2021 WL 3514072, at *2 ("Applicant requests this discovery for use in a civil action . . . in Japan[.]") *In re Ex Parte Appl. Of Haruki Hattori*, 2021 WL 4804375, at *3 (N.D. Cal. Oct. 14, 2021).

3. ASUS as a Defendant in the Japanese Proceeding is an Interested Person

The third requirement is met, because ASUS, as a defendant in the Japanese proceeding, is an interested person. Decl. of Makoto Hatorri at ¶ 7; *see Intel*, 542 U.S. at 256 (litigants are most common example of interested person); *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, 2020 WL820327, at *4 (N.D. Cal. Feb. 19, 2020) ("[A] litigant in [a] foreign proceeding is an 'interested person' for purposes of § 1782.").

ASUS therefore satisfies each of the three statutory factors, and this Court "is free to grant discovery in its discretion." *In re Ex Parte Apple Inc.*, 2015 WL 5838606, at *3 (citation omitted).

**B. The Supreme Court's Intel Factors Strong Favor Granting the Application**

The discretionary factors identified by the Supreme Court in *Intel* weigh heavily in favor of the Court granting the Applicant's request for discovery. First, Qualcomm is not a party to the Japanese Action, and ASUS has no way of obtaining the requested discovery absent section 1782 aid. Second, there is no evidence in this case that the Japanese courts would be unreceptive to discovery obtained through this Application; in fact, Japanese courts accept this type of evidence and take it into account. Third, ASUS is not circumventing any foreign proof gathering restrictions, and fourth, the discovery request is narrowly tailored to obtain only the most relevant documents.

1. Qualcomm is Not a Participant in the Japanese Action

Because Qualcomm is not a participant in the Japanese Action, the first discretionary factor identified by the Supreme Court in *Intel*, whether "the person from whom discovery is sought is a participant in the foreign proceeding," *Intel*, 542 U.S. at 264, weighs in favor of granting ASUS's Application.

The first *Intel* factor is "whether the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. Under this factor, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *3 (N.D. Cal. Mar. 24, 2016). This is so, because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach, hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. Qualcomm will be a nonparticipant in the civil action pending in Japan. Decl. of Makoto Hatorri at ¶ 4. Furthermore, Qualcomm is located in this district. Decl. of Chris Schmidt at ¶¶ 6-8.

For the foregoing reasons, Qualcomm is outside Japan's jurisdictional reach, and hence, evidence available in the United States from Qualcomm is unobtainable by ASUS absent § 1782(a) aid. Decl. of Makoto Hatorri at ¶ 4. *see Intel*, 542 U.S. at 264. Therefore, this first factor weighs in favor of authorizing discovery.

2. Japanese Courts Will Be Receptive to the Discovery Obtained Through this Application

The second *Intel* factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," also favors ASUS. *Intel*, 542 U.S. at 264 (reciting second factor). "This factor focuses on whether the foreign tribunal is willing to consider the information

sought." *In re Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4. Under this factor, "courts look for authoritative proof that a foreign tribunal *would reject* evidence obtained with the aid of § 1782." *In re Application of Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, 2016 WL 6474224, at *5 (N.D. Cal. Nov. 2, 2016). "When the parties do not provide evidence showing that a foreign court would reject evidence obtained under Section 1782, courts tend to allow discovery." *In re Koninklijke Philips N.V.*, 2018 WL 620414, at *2 (citation omitted); *see also Palantir Techs.*, 415 F. Supp. 3d at 915 ("[I]n the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, courts tend to err on the side of permitting discovery.") (internal citation omitted).

There are no known restrictions imposed by or any policies under Japanese law limiting U.S. federal court judicial assistance, and Japanese courts are receptive to assistance in discovery by U.S. federal courts. Decl. of Makoto Hattori at ¶ 5. For example, district courts in this circuit have granted § 1782 discovery for use in Japanese proceedings in the past. *See, e.g.*, *In re Med. Corp. H&S*, 2019 WL 1230440 (in the absence of evidence that Japanese courts would object to the judicial assistance of U.S. federal courts, this factor weighs in favor of authorizing discovery); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021).

Because there is evidence showing that Japanese courts are receptive to U.S. federal court judicial assistance, and because there is nothing to show that Japanese courts would object to discovery of the information sought by this Application, this factor weighs in favor of authorizing discovery.

3. ASUS is Not Circumventing Any Foreign Proof-Gathering Restrictions

Because this Application does not attempt to circumvent proof-gathering restrictions, the third *Intel* factor weighs in ASUS's favor. The third *Intel* factor is whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65. Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions." *In re Google Inc.*, No. 14-mc-80333- DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Tagami*, No. 21-MC-80153-JCS, 2021 WL 5322711, at *3 (N.D. Cal. Nov. 16, 2021) ("But absence of evidence of attempted circumvention weighs in favor of an application"); *see also In re Eurasian Natural Resources Corp.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (third *Intel* factor weighs in favor of discovery where there is "no evidence" of an attempt to circumvent foreign proof gathering restrictions or policies).

The Applicant is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Japan or the United States. Decl. of Makoto Hatorri at ¶ 6. Because there is nothing to suggest that the Applicant is attempting to circumvent foreign proof gather restrictions or policies, this factor weighs in favor of authorizing discovery.

4. ASUS's Discovery Requests are Narrowly Tailored to Avoid Undue Burden

The Fourth *Intel* factor weighs in favor of granting the Application because the discovery request is limited in scope and narrowly tailored to discover only a few items relating the specific Qualcomm chipsets purchased by the requesting party, ASUS, for use in its mobile devices that are accused of infringement in the foreign

proceeding. Under *Intel*, "unduly intrusive or burdensome requests may be rejected or trimmed." 542 U.S. at 265. Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad "fishing expedition" for irrelevant information. *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016); *see also In re Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *5-6. "[The party from whom discovery is sought] is certainly free to object to these requests as appropriate." *In re Mireskandari*, No. 12- CV-2865-IEG (DHB), 2012 WL 12877390, at *3 (S.D. Cal. Dec. 20, 2012). Accordingly, this factor weighs in favor of granting the application.

Finally, to the extent Qualcomm asserts that any of the information sought by ASUS is confidential and/or proprietary, ASUS is prepared to enter into a protective order to protect Qualcomm's material. *See, e.g.*, *In re NanoPyxis Co., Ltd.*, 2018 WL 1156838, at *5 (N.D. Cal. Mar. 5, 2018) ("To the extent that [party] is concerned about protecting its confidential information, that concern can be ameliorated by entering into a stipulated protective order.").

For the foregoing reasons, the request by the Applicant is narrowly tailored, is seeking only relevant and necessary information, and is not unduly intrusive or burdensome, and therefore, this factor weighs in favor of authorizing discovery.

## VI. CONCLUSION

In conclusion, the Applicant has met all of the requirements of § 1782, and all of the discretionary *Intel* factors weigh in favor of authorizing discovery. In light of the twin aims of § 1782 to provide efficient assistance to foreign litigants and to encourage foreign countries by example to provide similar assistance to U.S. courts, this Court should exercise its discretion to authorize discovery against Qualcomm so

the Applicant can conduct limited discovery in order to defend the allegations made against it in an ongoing patent infringement suit in Japan.

DATED: September 20, 2022

Respectfully submitted,

/s/ *Chris R. Schmidt*

Chris R. Schmidt (SBN 298761)
chris.schmidt@eriseip.com
Erise IP, P.A.
7015 College Blvd., Suite 700
Overland Park, KS 66211
Phone: (913) 777-5600
Facsimile: (913) 777-5601

*Attorney for Applicant*
*ASUS Japan Inc.*